IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELINDA J. CARR, ALISTAIR P. CARR
and Student: S.C., a minor,

    Plaintiffs,

v.

DEPARTMENT OF PUBLIC INSTRUCTION
and NEW GLARUS SCHOOL DISTRICT,

    Defendants.

ORDER

17-cv-413-wmc

---

Plaintiffs Melinda J. Carr and Alistair P. Carr are proceeding in this lawsuit pursuant to 20 U.S.C. § 1415(i)(2), which permits a party to appeal in federal court a decision with respect to their minor child, "S.C.," made pursuant to an Individual with Disabilities Education Act ("IDEA") due process hearing. The parties are in the process of briefing their respective motions for summary judgment, and in the meantime, plaintiff filed a sweeping motion to seal, requesting that the court seal: (1) briefs, (2) all future filings, (3) the administrative record submitted by the Division of Hearings and Appeals and (4) plaintiff's third amended complaint. (Dkt. #63.) For the reasons that follow, the court will grant the motion in part and deny it in part.

As an initial matter, plaintiffs seek to seal the third amended complaint because they attached the record of the administrative law judge's opinion and believe it will reveal S.C.'s identity. Defendants do not oppose sealing the decision, which seems appropriate, at least at this stage of the proceedings, so the court will grant that request.[1] As to plaintiffs' other requests, they contend that because the briefs, future filings and administrative

---

[1] At some point, plaintiffs may have to file a redacted version of that opinion for reasons discussed below, but the court will address that possibility at summary judgment.

record will reveal S.C.'s identity, he has an interest in keeping it confidential, especially since this case involves his educational and medical information as a minor. In particular, plaintiffs claim that redacting S.C.'s full name and identifying information from the record in this case is insufficient because the unredacted information in the record -- their own names, the unique circumstances surrounding the injury that caused S.C.'s disability and the fact that the events took place in a small town and involved schools in small areas -- make public disclosure of S.C.'s identity inevitable.

Defendant agrees both that S.C.'s identity should be kept private and that sealing the administrative record is appropriate, but objects to sealing any other records from the public record, particularly since plaintiffs should have been aware that their son might be linked to their lawsuit. As to the latter point, plaintiffs' are proceeding *pro se* and may not have considered the ramifications of appealing the due process hearing in this court. That said, it is the court's obligation to grant requests to seal only upon a showing of good cause because the information affecting the disposition of this lawsuit is "presumptively open to public view." *Goesel v. Boley Int'l*, 738 F.3d 831, 833 (7th Cir. 2013). In that light, the court is unpersuaded that the breadth of plaintiffs' request -- to seal *everything* in this matter going forward -- is supported by good cause, even though plaintiffs live in a small community. While plaintiffs do not support their claims that identification of their son is inevitable with any objective showing related to the details surrounding S.C.'s injury, whether they have other children and the nature of their community, the court will accept that facts related to the cause and nature of S.C.'s injury could be a basis for identification, and in any event, subject to protection as confidential medical and psychological records. But that does not mean that sealing all future filings is necessary. Indeed, defendants do

not include those details in their filings and, to the extent this material is relevant to the court's analysis, the court will permit plaintiffs to file under seal their unredacted filing, along with a redacted version that includes specific information about the cause of S.C.'s injury, the nature of that injury and related health information. In doing so, plaintiffs should refer to this court's Administrative Order No. 337, which the clerk of court will forward to plaintiffs along with a copy of this order. Accordingly, while the court will grant plaintiffs' request to seal the administrative record at this time, it is denying their request to seal all future filings in this court. The parties should continue conscientiously redacting S.C.'s identifying information, as well as information about S.C.'s disability.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to seal (dkt. #63) is GRANTED in part and DENIED in part as set forth above.
2. The clerk of court is DIRECTED to seal the decision of the administrative law judge attached to the third amended complaint (dkt. #22-1), as well as the administrative record, and forward to plaintiffs a copy of Administrative Order No. 337.

Entered this 26th day of April, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge